Mitchell Clayborn v. Commissioner.
Clayborn v. Commissioner
Docket No. 22905.
United States Tax Court
1950 Tax Ct. Memo LEXIS 171; 9 T.C.M. (CCH) 521; T.C.M. (RIA) 50148; June 19, 1950
Mitchell Clayborn, pro se. Elmer L. Corbin, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion The respondent determined a deficiency of $95 in petitioner's income tax for 1946. The entire amount of the deficiency results from the disallowance of credit claimed for one dependent. At the time of the hearing both parties announced that since the sole issue was whether or not petitioner was entitled to such credit they desired to submit same without the filing of briefs. Findings of Fact Petitioner is a resident of Kansas City, Kansas. He filed his 1946 income tax return with the collector for the district of Kansas. In that return he claimed credit for a dependent, Raymond Clayborn, a minor son. The respondent disallowed this credit. During the last six years petitioner has *172 been regularly employed at the Carter-Waters Corporation in Kansas City, Missouri. During the year 1946 he was paid about $35 or $40 per week. Petitioner is a negro and appeared to be about sixty years of age. He was married many years prior to the trial of the case and had eight children, the oldest being thirty-five years old and the youngest being eighteen or nineteen years old. In the latter part of the year 1944 petitioner's wife obtained a divorce. At that time their youngest child, Raymond Clayborn, was twelve or thirteen years old. From the date of the divorce down through the taxable year 1946 petitioner was required to and did contribute $6 per week to the support and maintenance of Raymond Clayborn. The latter had no income of any kind whatsoever and no other appreciable contributions were made to his support and maintenance during these years, including the taxable year 1946. From the time of the divorce up to June 1946, Raymond Clayborn resided with his mother and petitioner paid to her weekly in cash the sum of $6 which she used for the support and maintenance of the minor son. After June 1946 and until the minor son moved into petitioner's home in December the latter *173 made weekly payments of $6 directly to Raymond Clayborn, which the latter used to pay for his support and maintenance. Beginning December, 1946 and throughout the remainder of the year Raymond Clayborn lived in the home of petitioner and the petitioner provided him with food, clothing and other necessary support and maintenance at his own expense. The $6 per week which petitioner contributed to the support and maintenance of Raymond Clayborn, his minor son, constituted more than one-half the latter's gross income. In fact, it constituted his sole income. Raymond Clayborn was under eighteen years of age during the taxable year 1946. Opinion LEMIRE, Judge: Section 25 of the Internal Revenue Code applicable to the taxable year 1946, allowed an exemption of $500 for each dependent other than spouse making a joint return with the taxpayer, whose gross income for the year is less than $500. A dependent is defined as anyone of certain designated classes of relatives over one-half of whose support during the taxable year was received from the taxpayer. Petitioner's minor son, Raymond Clayborn, who was only fourteen or fifteen years old during the taxable year *174 1946, is among the classes recognized as dependents, so that the only question which concerns us here is whether or not petitioner furnished more than one-half of the minor son's support during the year involved. The evidence before us consists entirely of the statements of petitioner who appeared at the trial without counsel. On account of his unfamiliarity with trial procedure and requirements for proof the evidence is not as complete as might be desired. Nevertheless, the petitioner did testify that he contributed $6 per week during the taxable year 1946 to the support and maintenance of Raymond Clayborn, and while he was unable to produce a receipt for but one payment during the year, we are convinced of the truth of this statement and have found as a matter of fact that he did make weekly payments during the entire year in the amount of $6 each. Petitioner further testified that Raymond Clayborn had no income from any other source and that nobody else contributed to his support and maintenance. We are convinced that his testimony in this regard is true and have so found. We therefore find that the respondent erred in disallowing the credit to the petitioner. Decision will *175 be entered for the petitioner.